# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 93 C 7452<br>93 C 5969 | DATE | June 29, 2000 |
| CASE TITLE | Factor VIII or IX Concentrate Blood Prods. Litigation (MDL-986) | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Torshen's Motion to Enforce Attorneys Lien [ ] is denied and Fractionator Defendants' Motion to Enforce Settlement and Adjudicate Attorneys Liens [ ] is granted.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | number of notices |
| x | Notices mailed/faxed by judge's staff. | | JUN 3 0 200<br>date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | IS<br>docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | | | date mailed notice |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM<br>mailing deputy initials |

Document Number 1393

93-7452.002   June 28, 2000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION



IN RE FACTOR VIII OR IX ) MDL-986
CONCENTRATE BLOOD PRODUCTS )
LITIGATION ) No. 93 C 7452
)
JONATHAN WADLEIGH and )
JOANNE WADLEIGH, ) No. 93 C. 5969
)
       Plaintiffs, )
  v. )
)
RHONE-POULENC RORER, INC., et al.)
)
       Defendants. )

**MEMORANDUM OPINION**
*(Regarding Motion to Enforce Attorneys' Lien)*

The court has under advisement the motion of Torshen, Spreyer & Garmisa Ltd. ("Torshen"), to enforce an attorneys' lien against the proceeds of a settlement between the fractionator defendants and Jonathan Wadleigh and his wife, Joanne Womboldt ("Wadleigh"). The fractionators have filed a "Motion to Enforce Settlement and Adjudicate Attorneys' Liens," which is their response to the Torshen motion. Wadleigh has also responded to the Torshen motion, as has lead counsel for the plaintiffs.

The parties disagree as to what work Torshen was hired to do

and as to what fund is subject to his lien. Torshen takes the position that he was hired to pursue claims "growing out of [the fractionators'] manufacture and/or distribution of certain blood products ...." Torshen Reply Brief, p. 4. The notice of lien served on the fractionators recites the same proposition -- that Torshen was retained "to provide services in connection with suits instituted upon claims, demands and causes of action against you growing out of your manufacture and/or distribution of certain blood products, ...." Exhibit A to Torshen motion.

The fractionators, on the other hand, argue that Torshen was not hired to pursue any claim against the fractionators but solely for the purpose of attempting to obtain a substitution of class counsel for the now-decertified liability class. Because the settlement between Wadleigh and the fractionators has nothing to do with Torshen's efforts to obtain a substitution of counsel, the fractionators contend that the Torshen lien cannot apply to the proceeds of the settlement.[1]

It seems to us that the fractionators are correct. There is

---

[1] The fractionators also argue that whatever fee claim Torshen has should be asserted against the cost and fee fund in the class action. We see no way in which Torshen could successfully assert a claim to any portion of the cost and fee fund, which is reserved for attorneys who represented class members in the Walker settlement only class. Wadleigh opted-out of that class, and his settlement with the fractionators is unrelated to the Walker settlement.

a lack of congruity between Torshen's employment contract and his notice of lien. The employment contract (Ex. A to Torshen's Appendix of Exhibits), makes it clear that Torshen's undertaking is "... for the limited purpose of effectuating a change of attorneys," and that he will not "... in any way participate in the issues presented in the class complaint nor take part in any substantive matters pertaining thereto." In light of this, we do not understand Torshen's contention that his employment had to do with pursuing substantive claims against the fractionators, as asserted in his notice of lien. It is the nature of the work the attorney undertakes, not the way he phrases his lien notice, that determines the reach of his lien.

The Illinois Attorneys Lien Act, 770 ILCS 5/1 gives attorneys a lien

> [u]pon all claims, demands and causes of action ... which may be placed in their hands by their clients for suit or collection, or upon which suit or action has been instituted, for the amount of any fee which may have been agreed upon ... <u>for the services of such suits, claims, demands or causes of action</u> .... Such liens shall attach to any ... money or property which may be recovered <u>on account of such suits, claims, demands, or causes of action</u> .... (emphasis added).

Torshen argues that because the motion for substitution of attorneys was filed in the multidistrict litigation, and Wadleigh's individual suit was part of the MDL, that therefore Torshen's

services in attempting to oust plaintiffs' Steering Committee and replace it with counsel of Wadleigh's choice were services rendered in Wadleigh's individual suit. We think the connection is too loose to come within the terms of the lien statute. We agree with Torshen that it would not have been necessary for his services to cause the settlement, or even that they have been successful in obtaining the requested substitution of attorneys. But, at a minimum, they must have been performed in regard to the claim that brought about the settlement. That claim, as Torshen correctly recited in his notice of lien, was a claim for injuries allegedly caused by defendants' defective blood products, the very claim for which Torshen, in his employment contract, took pains to eschew any responsibility.

We conclude that Torshen has no lien on the proceeds of Wadleigh's settlement with the fractionators. Accordingly, we will enter an order denying Torshen's Motion to Enforce Attorneys Lien and granting the Fractionator Defendants' Motion to Enforce Settlement and Adjudicate Attorneys Liens.

DATE:   June 28, 2000

ENTER:  _____
        John F. Grady, United States District Judge