# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re Factor VIII or IX ) | |
| Concentrate Blood Products ) | |
| Litigation ) | 93 C 7452 |
| ) | MDL 986 |
| _____ ) | |

## MEMORANDUM OPINION & ORDER
### *(Regarding U.K. Extension for Refiling)*

    The court has under consideration plaintiffs' request for an extension of time from August 27, 2007 to March, 2008 to refile their claims in England. The reason for the request is that plaintiffs wish to have in place their public funding and insurance against possible liability for defendants' costs, which will take considerable time (apparently even more time than plaintiffs are presently requesting). Plaintiffs have filed the affidavit of Sallie Anne Booth, an English solicitor, in support of their request. She describes in detail the time required and the difficulties involved in obtaining the funding and insurance against cost liability.

    Defendants object to the plaintiffs' request on a number of grounds and have filed the affidavit of an English barrister, Charles Gibson, QC, in support of their opposition. Mr. Gibson concedes that it would not be

possible for the plaintiffs to obtain public funding or cost insurance before August 27, 2007, and that plaintiffs' estimates of the time likely to be required for those purposes is realistic. He states, however, that the simple claim forms permitted by English procedure could be filed by August 27, and that plaintiffs could then move the English court for an extension of time for serving the claim forms on the defendants. Potential liability for defendants' costs does not begin "until the proceedings have been served on the Defendant." (Gibson Aff. ¶ 10.) Whether an extension of the time for service would be granted would be entirely discretionary with the English court. Defendants conclude, therefore, that plaintiffs do not really need the extension they seek.

Plaintiffs reply that there is doubt as to whether the English court would grant them an extension of time for service and point out that defendants have given no indication that they would not oppose such an extension. Plaintiffs argue that without the public funding and cost insurance they might, as a practical matter, be unable to file at all, and their claims would be extinguished.

## **DISCUSSION**

Neither side addresses what seems to this court to be a fundamental problem with plaintiffs' request. The present deadline for filing, August 27, 2007, is not some limit imposed by law, either American or English. If it were, this court might be a suitable place to which to come for an extension. What we are dealing with here is a different kind of time limit. It is a limit <u>agreed</u> <u>to</u> by the defendants for the exclusion of time that would otherwise accrue on any applicable statutes of limitations. The exclusion is not something this court could order in the absence of defendants' agreement. The agreement resulted from defendants' desire to enhance their argument that the courts of the United Kingdom are an available and adequate forum for the litigation of plaintiffs' claims. Solely by virtue of defendants' agreement, the exclusion became a condition of this court's FNC dismissal order.

While we might be able to extend the time for plaintiffs to file their claims in the English court,[1] we do not have the power to extend any applicable statute of

---

[1] We do not need to reach the defendants' argument that any extension could only be granted pursuant to a motion under Rule 60 of the Federal Rules of Civil Procedure and that such a motion would be both untimely and lacking in cognizable grounds.

limitations or to require defendants to agree to any further exclusion of time from applicable limitations periods.

Ms. Booth observes that there is "no guarantee" that the English court will exercise its discretion to extend plaintiffs' time for service of the claims. We agree with the obvious proposition that there is no guarantee, but, on the basis of the Gibson and Booth affidavits, we think a reasonable extension of time is quite likely. We discount the possibility that defendants would oppose an extension after having strongly implied to this court that plaintiffs are likely to be successful in obtaining an extension.

## **CONCLUSION**

Plaintiffs' request for an extension of time to refile their claims in England is denied.

DATED: August 3, 2007

ENTER: _____
John F. Grady, United States District Judge